## 9043.  WILLIAMS v. THE STATE.

The evidence authorized the verdict, and there was no error in overruling the motion for new trial.

DECIDED OCTOBER 31, 1917.

Accusation of possessing intoxicating liquor; from city court of Brunswick—Judge Krauss.  May 11, 1917.

*John T. Powell,* *Frank H. Harris,* for plaintiff in error.

*A. H. Crovatt, solicitor, A. D. Gale,* contra.

HARWELL, J.  The defendant was charged in the accusation with being in possession of intoxicating liquors.  The State's witness, a policeman of the city of Brunswick, testified substantially that he went to Fernandina, Florida, on an excursion boat on Friday, on or about April 21, 1917; that as he was coming down to the boat he saw the defendant with a suit-case,—the one exhibited to him at the trial; that this suit-case and two or three trunks were unloaded at Fernandina onto a dray or truck, which was driven to the saloon of Jim Peterson and unloaded; that he went to this saloon and saw the defendant, with Peterson's saloon-keeper, load up these articles with the whisky, and then the suit-cases and the trunks were taken from the saloon and carried back to the boat, again loaded on the boat, and brought on to Brunswick that night and unloaded at Brunswick onto the docks and into the warehouse, and were in the warehouse when they broke it open to get them out; that defendant was on the boat and came to Brunswick the same night; and that he did not see the defendant after he came off the boat until the following Sunday, about noon, when the defendant was arrested by him; that the boat left Brunswick about 9 o'clock in the morning and returned to Brunswick about 7 p. m.; that they had to break open the warehouse to get the whisky in the suit-cases, including the defendant's suit-case; that there was no one with the defendant on this trip.  The State offered in evidence the suit-case and its contents, consisting of from twenty to thirty bottles of whisky, in quart and half-pint bottles.  The defendant admitted that he went to Fernandina on the excursion boat, but denied that he had any suit-case with him; he denied that the suit-case and the liquor belonged to him; he admitted that he did assist a woman off the boat by carrying her suit-case, stating that she was on the boat with a suit-case and a little shaggy dog, and that she carried the dog, and he carried the

suit-case. The defendant made a motion for a new trial on the general grounds only.

We think the evidence points irresistibly to the conclusion that the defendant made this trip to Fernandina for the purpose of procuring a stock of liquors, and that the liquors were in his custody and control when he and the boat and the liquors arrived within the limits of Glynn county. The jury so found, the able trial judge approved their finding, and we will not disturb the verdict.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*